No. 16,595.

WILLIS *v.* CHASE.
(240 P. [2d] 912)

Decided January 28, 1952.    Rehearing denied February 18, 1952.

Messrs. BARNARD & BARNARD, for plaintiff in error.

Mr. ROYAL R. IRWIN, Mr. J. FRED SCHNEIDER, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

THE parties appear here in the same order as in the trial court, and will be designated as plaintiff and defendant, or by name.

Defendant and Margaret V. Chase were husband and wife, and he owned and operated a cattle ranch. Defendant became a victim of poliomyelitis, was hospitalized, and on October 22, 1946 gave his wife a power of attorney to operate and manage said cattle ranch. She acted under this authority until June, 1948. Defendant and his wife were divorced in 1949. In August, 1946 Mrs. Chase, acting for her husband, employed plaintiff to perform general ranch work on defendant's ranch at an agreed compensation of $100.00 a month plus room, board and laundry. He was engaged in this capacity from August, 1946 to May 29, 1948. In June, 1948 plaintiff brought suit against defendant for $1,820.30, the balance which he alleged was due him for these services. In his complaint he admitted that he had been paid $279.70 by defendant's agent, Mrs. Chase.

Defendant, by his answer, set out the $279.70 payment and alleged that plaintiff had received "considerably more" than said sum by receipt from defendant, or his agent, of "money, property and other valuable considerations." He also filed a counterclaim in which he alleged in substance that plaintiff failed to properly discharge his duties on the ranch; negligently failed to properly water, feed, shelter and care for defendant's cattle; and neglected to properly care for defendant's property and the crops on his land, resulting in damage to defendant in the sum of $5,000. The trial court dismissed the counterclaim for lack of evidence to sustain it. Trial was to a jury and resulted in a verdict in favor of defendant on the issue presented by plaintiff's complaint. Plaintiff brings the cause here on specifications of error in which, in general, he asserts that the trial court erred in submitting to the jury a form of verdict in favor of defendant; that the verdict of the jury was

contrary to, and violative of, the instructions of the court, and not supported by the evidence.

Upon the trial, plaintiff admitted that he had been paid $322.20 by defendant's agent, instead of $279.70. Defendant contended that in addition to this $322.20, plaintiff had received on account of said services $500.00 in 1947 and $744.00 at some other time. Under defendant's theory, unsupported by evidence except as to the $322.20, he was entitled to a credit of the total of these sums, or $1,566.20. There was no dispute regarding the time plaintiff worked on the ranch and that he was entitled to $2,100 for such services, the controversy being over the credits to be applied on his claim. Mrs. Chase was a witness for plaintiff.

The issue covering defendant's counterclaim was properly withdrawn from the consideration of the jury, there being insufficient evidence to sustain it, consequently the sole question the jury was required to determine was the balance due plaintiff. The court instructed the jury, "Your verdict will be in favor of the plaintiff and against the defendant, less whatever might have been paid the plaintiff as shown by the evidence, the total amount of the payments is for your determination." The jury returned the verdict finding the issues "NOT" in favor of the plaintiff, which verdict the trial court did not accept, and ordered the jury to again deliberate. It is disclosed by the record that it then was "apparent to the trial court that it was the intention of the jury to find for defendant," so it submitted a form of verdict in favor of defendant. After deliberation, the jury returned a verdict for defendant and judgment was entered by the court dismissing plaintiff's action.

The record clearly establishes that defendant did not claim credit for more than $1,566.20, consequently there was a balance due plaintiff of $533.80, if we assume the jury believed defendant had proved all the credits claimed by him. The verdict by which the jury found the issues for defendant, was not supported by the

evidence, was contrary to the instructions of the court, and the trial court erred in dismissing plaintiff's complaint and in not granting a new trial of the issues involved.

It is urged that there was a conflict in the evidence, therefore, we should apply the rule that on review a verdict based on conflicting evidence, will not be disturbed. Where there is no evidence to support the findings of the jury, and the testimony of the witnesses is practically unanimous against the verdict, it should be set aside. See, *Denver and Rio Grande Railroad Company v. Vitello,* 34 Colo. 50, 81 Pac. 766.

As our court said in *Mitchell v. Reed,* 16 Colo. 109, 26 Pac. 342: "Under these circumstances, however much this court may regret the necessity for a reversal, and whatever may be the pressure of the general rule restricting interference with judgments upon this ground, it is obvious that, in obedience to its convictions, the case must be reversed."

We have carefully considered the entire record, and are convinced that the evidence introduced by defendant, considered in the light most favorable to him, did not establish credits in excess of $1,566.20; hence we are under the necessity of remanding the cause with instructions that the trial court vacate its judgment of dismissal and grant plaintiff a new trial of the issues under his complaint. It is so ordered.